UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOE PICENO, | Case No. 3:22-cv-00001-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| TIM GARRETT, | |
| Defendant. | |

**I.   SUMMARY**

This is a habeas corpus action under 28 U.S.C. § 2254. The Court ordered petitioner Joe Piceno to pay the filing fee. (ECF No. 2.) The docket does not reflect payment, but Piceno has paid the filing fee. The Court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court dismisses the action because Piceno has filed an unauthorized second or successive petition.

**II.   BACKGROUND**

The Court takes judicial notice of three cases that Piceno filed in this Court: *Piceno v. LeGrand*, Case No. 3:11-cv-00588-RCJ-WGC ("*Piceno I*"), *Piceno v. LeGrand*, Case No. 3:14-cv-00545-RCJ-WGC ("*Piceno II*"), and *Piceno v. Garrett*, Case No. 3:21-cv-00156-MMD-CLB ("*Piceno III*"). The Court also takes judicial notice of a case that Piceno filed in the United States Court of Appeals for the Ninth Circuit: *Piceno v. Neven*, Case No. 20-72721 ("*Piceno IV*").

In the Eighth Judicial District Court of the State of Nevada, Case No. 96C134909, Piceno was convicted of sexual assault with the use of a deadly weapon and attempted murder with the use of a deadly weapon. (ECF No. 1-1 at 3.) The Nevada Supreme Court affirmed his judgment of conviction on August 8, 2000. *See Piceno I*, ECF No. 6 at 4.

On August 3, 2011, Piceno dispatched a federal habeas corpus petition that became *Piceno I*. The Court dismissed the petition as untimely under 28 U.S.C. § 2244(d)(1), and the Court denied a certificate of appealability. *See Piceno I*, ECF No. 9. Piceno appealed, and the Ninth Circuit denied a certificate of appealability. *See Piceno I*, ECF No. 13.

On October 22, 2014, Piceno commenced *Piceno II* with another habeas corpus petition. The Court noted that the dismissal of *Piceno I* as untimely constituted a disposition on the merits, meaning that any subsequent petition is subject to the bar against second or successive petitions of 28 U.S.C. § 2244(b). *See Piceno II*, ECF No. 16 at 2 (citing *McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009)). The Court thus dismissed *Piceno II* because Piceno had not received authorization from the Ninth Circuit to file a second or successive petition under 28 U.S.C. § 2244(b)(3), and the Court denied a certificate of appealability. *See Piceno II*, ECF No. 16 at 2. Piceno appealed, and the Ninth Circuit denied a certificate of appealability. *See Piceno II*, ECF No. 20.

On September 11, 2020, Piceno filed in the Ninth Circuit an application for leave to file a second or successive petition. *See Piceno IV*, ECF No. 1. The Ninth Circuit denied the application on October 14, 2020. *See Piceno IV*, ECF No. 2.

On April 5, 2021, Piceno submitted a "Rule 60(b) subsequent petition" in this Court. *Piceno III*, ECF No. 1-1. The Court ruled that the petition was a second or successive petition, and the Court dismissed it because the Ninth Circuit had not authorized Piceno to file a second or successive petition. *See Piceno III*, ECF No. 3. The Court also denied a certificate of appealability. *See id*. Piceno did not appeal.

**III.    DISCUSSION**

Before filing a second or successive petition in this Court, Stone must first obtain authorization from the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3). Piceno styles the current petition as under 28 U.S.C. § 2241, but he still remains in custody under the same state-court judgment of conviction that was the subject of Piceno I through Piceno IV. While § 2241 implements the general grant of habeas corpus authority provided in the

Constitution, 28 U.S.C. § 2254 implements and limits that authority for a person in custody pursuant to the judgment of a state court. *See Frantz v. Hazey*, 533 F.3d 724, 735-36 (9th Cir. 2008) (en banc). Piceno cannot escape the limitations of § 2254 by styling his petition as under § 2241.

As with Piceno II and Piceno III, the current petition is a second or successive petition. *See* 28 U.S.C. § 2244(b); *see also McNabb*, 576 F.3d at 1029-30. Piceno first must obtain authorization from the Ninth Circuit before he can file a second or successive petition. He has not obtained that authorization. The Court thus lacks jurisdiction to consider his petition, and the Court dismisses the action.

Reasonable jurists would not find the Court's conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Clerk of Court file the petition for a writ of habeas corpus.

It is further ordered that this action is dismissed for lack of jurisdiction. The Clerk of Court is directed to enter judgment accordingly and to close this case.

It is further ordered that a certificate of appealability is denied.

It is further ordered that that the Clerk of Court add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

It is further ordered that the Clerk of Court provide copies of this order and all prior filings to the Attorney General in a manner consistent with the Clerk of Court's current practice, such as regeneration of notices of electronic filing.

///

///

1 | It is further ordered that no response by the Attorney General is necessary.

2 | DATED THIS 8th Day of April 2022.

```
                              _____
                              MIRANDA M. DU
                              CHIEF UNITED STATES DISTRICT JUDGE
```